18-2436
Mendez v. Barr

BIA
Farber, IJ
A077 455 408

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <ins>SUMMARY ORDER</ins>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand nineteen.

PRESENT:
>      PIERRE N. LEVAL,
>      RAYMOND J. LOHIER, JR.,
>      RICHARD J. SULLIVAN,
>           *Circuit Judges.*

_____

RAUL FLORES MENDEZ, AKA RAUL BENITEZ,

>           *Petitioner,*

> v.                                          18-2436

>                                             NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

>           *Respondent.*

_____

FOR PETITIONER:                 Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:                 Joseph H. Hunt, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Vanessa M. Otero, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Raul Flores Mendez, a native and citizen of El Salvador, seeks review of an August 15, 2018, decision of the BIA affirming a March 14, 2018, decision of an Immigration Judge ("IJ") denying Mendez's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Raul Flores Mendez,* No. A 077 455 408 (B.I.A. Aug. 15, 2018), *aff'g* No. A 077 455 408 (Immig. Ct. N.Y. City Mar. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA adopted and supplemented the IJ's decision, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's findings of fact under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard); *Yanqin Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009) (reviewing

2

denial of CAT protection under the substantial evidence standard). Under this standard, "[we] treat factual findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (quoting 8 U.S.C. § 1252(b)(4)(B)). Mendez's claim is based on his fear that the police in El Salvador will harm him because of his tattoos or that MS-13 members will retaliate against him because he refused to pay extortion and cooperated with federal prosecutors in the United States.

As to asylum, Mendez argues that he should have been allowed to apply for asylum and excused from the one-year filing deadline for that form of relief. He misunderstands the record. Mendez is ineligible for asylum because he was in withholding-only proceedings following reinstatement of an earlier removal order. *See* 8 U.S.C. § 1231(a)(5); *Herrera-Molina v. Holder*, 597 F.3d 128, 139 (2d Cir. 2010). As to withholding of removal, Mendez's brief does not dispute the agency's particularly serious crime determination but instead argues that the IJ must make an additional finding that an alien is a danger to the community, before applying the particularly serious crime bar. However, we have previously determined that a particularly serious crime determination no

3

longer requires a separate danger to the community analysis. *See Nethagani v. Mukasey*, 532 F.3d 150, 154 n.1 (2d Cir. 2008) (noting that we have accepted the BIA's interpretation that a person convicted of a particularly serious crime, "necessarily constitutes 'a danger to the community of the United States'"). Accordingly, we reach the merits of Mendez's claim only to the extent that he requested protection under the CAT.

CAT Deferral

The agency determined that Mendez did not meet his burden for CAT protection because portions of his claim were not credible and the portions of his claim that were credible were unsupported by any objective evidence. We find no error in the agency's conclusions.

Credibility Determination

The adverse credibility determination is supported by substantial evidence. The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and

4

any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The IJ reasonably relied on internal discrepancies in Mendez's testimony, omissions from his application and corroborating documents, and the lack of corroboration from his family in the United States. First, Mendez's testimony regarding his involvement in the murder changed over the course of the hearing, and his testimony that he had not stabbed the victim was internally inconsistent with his later testimony that he told the judge at his plea hearing that he was not sure if he had stabbed the victim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (permitting IJ to consider inconsistencies "without regard to whether an inconsistency, . . . goes to the heart of the applicant's claim").

Second, his application did not include relevant incidents that he testified to at his hearing – namely, that he was beaten and threatened with death by MS-13 members while

5

imprisoned in the United States, and that the Salvadoran police almost killed him in 2007 because of his tattoos. The IJ reasonably relied on these two omissions. *See Hong Fei Gao*, 891 F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances.").

Finally, the IJ reasonably determined that Mendez did not rehabilitate his claim with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). In particular, the IJ reasonably faulted Mendez for not providing a letter from his brother who lives in New York – and who was aware of Mendez's situation. Furthermore, although Mendez submitted death certificates of individuals allegedly killed by gang members in El Salvador, Mendez did not present evidence that the individuals were killed by MS-13 or were his relatives.

6

Taken together, these findings constitute substantial evidence for the agency's adverse credibility determination and prevented Mendez from establishing past extortion by MS-13 given evidence that he was a member of the gang, that MS-13 members murdered his family members in El Salvador because of his cooperation with federal prosecutors, and that the police in El Salvador had previously almost killed him because of his tattoos. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Of course, the credibility determination is not dispositive because Mendez also asserted a fear of harm based on undisputed facts, his tattoos, and his cooperation with law enforcement. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) (holding that adverse credibility determination as to claim of past harm does not preclude claim premised on future harm, "*so long as the factual predicate of the applicant's claim . . . is independent of the testimony that the IJ found not to be credible*"). However, as discussed below, we find no error in the agency's conclusion that he failed to meet his burden of proof for CAT deferral.

Burden of Proof

An applicant for CAT relief must show that it is more

7

likely than not that he will be tortured. *See* 8 C.F.R. § 1208.16(c)(2); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To constitute torture under the CAT, the likely harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7). Cognizable acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171. To meet his burden of proof, an applicant for CAT relief must establish that someone in his "particular alleged circumstances" is more likely than not to be tortured in the country designated for removal. *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

The agency did not err in concluding that Mendez failed to show that the government of El Salvador would more likely than not acquiesce to any torture by gang members. Besides

8

Mendez's incredible testimony, the record contains no support for Mendez's assertion that police officers are often gang members themselves.  Additionally, there is only minimal support in the record that the police would acquiesce to torture by gang members.  The country conditions evidence in the record includes a State Department Report and one article about the meaning of gang tattoos.  The State Department Report discusses one mayor who was arrested on gang-related charges but does not otherwise discuss collusion between gang members and government officials.  The IJ also reasonably concluded that it was not more likely than not that Mendez would be tortured by police officers in El Salvador.  Mendez argues that his tattoos will cause the police to target him for harm.  However, the record contains no support for this assertion.  Given the lack of evidence that authorities would torture Mendez or acquiesce to his torture, substantial evidence supports the agency's denial of CAT relief.  *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006))); *see also Mu*

9

*Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the temporary stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court